18194

MERCURY MOTOR EXPRESS, INC., Appellant, v. SOUTH CAROLINA TAX COMMISSION, Respondent

(135 S. E. (2d) 756)

*Messrs. A. Pickens Coles,* of Tampa, Florida, *and Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Respondent,*

April 9, 1964.

BUSSEY, Justice.

The plaintiff-appellant is a Florida corporation with its principal office in Tampa, Florida, and is a common carrier of freight for compensation by motor vehicles in interstate commerce, operating in the states along the eastern seaboard, including South Carolina, from Florida to Massachusetts. Appellant is domesticated and qualified to do business in the State of South Carolina but is not engaged in and is not authorized to engage in the transportation of intrastate freight in the State of South Carolina or any of the other several states through which it operates.

In 1960 the respondent, pursuant to the proportionate mileage formula provided by Section 65-256 of the 1952 Code of Laws of South Carolina, assessed the appellant for income taxes for the years 1955 through 1959, in the total amount of $20,753.11, which tax was paid by the appellant under protest, this action being timely and properly commenced to recover the same. The cause was heard below on an agreed stipulation of facts and resulted in a decree by the circuit court dismissing appellant's action.

The pertinent provisions of the Code Section provide that when a public service corporation's business is in part within and in part without the State of South Carolina, its net income within the state shall be ascertained by taking its gross operating revenues within South Carolina, includ-

ing within such gross operating revenues within the jurisdiction of this state, the equal mileage proportion within the jurisdiction of South Carolina of its total interstate business, and deducting from such gross operating revenues the proportionate average of expenses or operating ratio for the whole business, computed in accordance with the Interstate Commerce Commission Standard Classification of Accounts.

During the years in question appellant transported freight in interstate commerce originating in and delivered to points in South Carolina, such freight being picked up or delivered on over the road equipment of appellant, or picked up and delivered by local cartage companies, or interlined with other motor highway common carriers. During a substantial portion of the period of time involved appellant leased and/or operated a terminal in Lexington County and owned personal property within the State of South Carolina consisting of a tractor used to move trailers on the terminal lot, and a service truck used to pick up parts and service over the road equipment on the highways in the event of breakdown.

The revenue of appellant from freight originating in or delivered to South Carolina amounted to only slightly more than one per cent of appellant's gross revenue, while the proportion of its mileage in South Carolina amounted to slightly more than seventeen per cent of its total mileage, upon which latter percentage the income tax of appellant was assessed.

Appellant does not contend that Code Section 65-256 is unconstitutional *per se,* or that the assessment was not in correct accordance therewith. Nor does appellant question the power of the state to tax the net income of a foreign corporation from business done in the state, which is solely interstate in character, where the net income is fairly related to and connected with the activities in the state, and where the net income is fairly proportioned to the corpo-

rate business activity done or performed within the taxing state.

Apropos of the last mentioned proposition is the following quote from the order of the circuit court:

"Since the early part of the century, numerous Courts, including the Supreme Court of the United States, have held that there is nothing unconstitutional in a state's taxing net income from a business engaged in interstate commerce. The cases hold that the levy must not be discriminatory and that it be properly apportioned to activities in the taxing state forming sufficient nexus or jurisdiction to support the levy. *United States Glue Co. v. Oak Creek,* 24[7] U. S. 321, 38 S. Ct. 499 [62 L. Ed. 1135]; *Shaffer v. Carter,* 252 U. S. 37, 40 S. Ct. 221 [64 L. Ed. 445]; *Travis v. Gale [Yale] and Towne Manufacturing Co.,* 252 U. S. 60, 40 S. Ct. 228 [64 L. Ed. 460]; *Underwood Typewriter Co. v. Chamberlain,* 254 U. S. 113, 41 S. Ct. 45 [65 L. Ed. 165]; *Bass, Ratcliff and Gretton v. State Tax Commission,* 266 U. S. 271, 45 S. Ct. 82 [69 L. Ed. 282]; *E. T. and W. N. C. Transportation Co. v. Currie,* 248 N. C. 560, 104 S. E. (2d) 403, aff. [359 U. S. 28] 79 S. Ct. 602 [3 L. Ed. (2d) 625]; *Maxwell v. Kent-Coffey Mfg. Co.,* 204 N. C. 365, 168 S. E. 397, aff. [291 U. S. 642] 54 S. Ct. 437 [78 L. Ed. 1040]; and *Williams v. Stockholm Valves and Fittings, Inc.,* and *Northwestern States Portland Cement Co. v. Minnesota,* (reported together) 358 U. S. 450, 79 S. Ct. 357, 3 L. Ed. (2d) 421, 67 A. L. R. (2d) 1292."

The last above cited case and the annotation thereof contain comprehensive discussions of the development of the law on the subject and the principles which are, we think, properly applicable to the decision of this controversy.

The appellant simply contends that the application of the mileage formula, under the circumstances, produced arbitrary, discriminatory and unconstitutional results, in violation of the commerce clause of Article I, Section 8, and the

due process phrase of Section 1, of the Fourteenth Amendment to the United States Constitution, and in violation of Article I, Section 5 of the Constitution of South Carolina.

Appellant admits its liability to South Carolina for income tax on approximately one per cent of its net income derived from freight picked up or delivered in South Carolina, but contends that the application of the statutory mileage formula resulting in the taxation of approximately seventeen per cent of its net income, as opposed to one per cent thereof, has the effect of taxing appellant's net income earned beyond the borders of South Carolina, and income that is in noway connected with or attributed to any activities of appellant within the State of South Carolina.

An identical mileage formula was applied and upheld in the case of *Norfolk and Western Railway Co. v. State of North Carolina, ex rel. Maxwell, Commissioner of Internal Revenue*, 297 U. S. 682, 56 S. Ct. 625, 80 L. Ed. 977. There the United States Supreme Court, while upholding the validity of the formula and assessment, said that a formula which was not arbitrary or unconstitutional on its face, or in its general application, might be unreasonable or unfair when applied to a particular state of facts, and that if such were made to appear, with an ensuing burden on the taxpayer grossly in excess of the results of a more accurate apportionment of income, the statute to that extent would be an unconstitutional endeavor to tax the income of a business in another jurisdiction. It was also held in that case, which is in accord with the clear weight of authority, that the burden was upon the taxpayer to show by clear and cogent evidence the unconstitutional result of the application of such tax formula.

In the case of *Underwood Typewriter Co. v. Chamberlain*, 254 U. S. 113, 41 S. Ct. 45, 65 L. Ed. 165, a manufacturing company had its only manufacturing plant in the State of Connecticut, but a greater portion of its sales was elsewhere. Connecticut, in taxing the net income of the corporation, applied a formula based on the cash value of

the property of the corporation located in Connecticut, in proportion to the cash value of its total property, and under this formula arrived at a determination that forty-seven per cent of the corporation's net income was attributable to operations in Connecticut. The assessment was held valid by the United States Supreme Court as not being obnoxious to the Federal Constitution. The court said, *inter alia,*

"The profits of the corporation were largely earned by a series of transactions beginning with manufacture in Connecticut and ending with sale in other states. In this it was typical of a large part of the manufacturing business conducted in the state. The Legislature, in attempting to put upon this business its fair share of the burden of taxation, was faced with the impossibility of allocating specifically the profits earned by the processes conducted within its borders. It, therefore, adopted a method of apportionment which, for all that appears in this record, reached, and was meant to reach, only the profits earned within the state."

The court went on to hold that the burden of showing that forty-seven per cent of its net income was not reasonably attributable, for the purpose of taxation, to the manufacturing activities in the State of Connecticut was upon the taxpayer who had not even attempted to show such, and that, therefore, there was nothing to show that the method of apportionment as applied to the taxpayer produced an unreasonable or arbitrary result.

To the same effect as the Underwood decision is that of *Bass, Ratcliff and Gretton v. State Tax Commission,* 266 U. S. 271, 45 S. Ct. 82, 69 L. Ed. 282. There the court was dealing with a formula applicable to the carrying on of a unitary business of manufacture and sale, partly within and partly without the state, the profits being earned by the company resulting from a series of transactions. The *Bass case* is the converse of the *Underwood case* in that in the *Bass case* a proportionate property value formula with respect to determination of net income was applied by the state of sale rather than the state of manufacture.

In line with the *Underwood* and *Bass cases* just above mentioned is the more recent case of *E. T.* and *W. N. C. Transportation Co. v. Currie, supra.*

As we see the matter, the contention of the appellant here is based on the argument that when appellant's trucks are traveling back and forth through the State of South Carolina and are not picking up or delivering freight in South Carolina, they are not engaged in any activity within the State of South Carolina which contributes to appellant's net income. The appellant operates a unitary business and its gross income and, therefore, its net income, is derived from a series of transactions, as was the case in the *Underwood* and *Bass cases, supra.* Here the series of transactions consists of the solicitation of freight, the picking up of freight, the hauling of freight, the delivery of the same and the collections of charges therefor. Each transaction in the series contributes to the earnings and net income of the appellant, and, while each transaction is necessarily incidental to the production of its income, the transaction which primarily earns the income is the hauling of the freight. It seems to us to follow that as the trucks of the appellant move along, through and over the highways of the State of South Carolina, the appellant is engaged in income producing activity actually done and performed within the borders of the State of South Carolina.

There is nothing in the record to even indicate that the trucks of the appellant, while traveling seventeen per cent of its total mileage within the State of South Carolina, are failing to contribute to appellant's income, or that, while so traveling, they are earning a lesser percentage of appellant's net income than seventeen per cent. It seems to us to follow that the appellant here has simply not met the burden of showing that the statutory mileage formula, admittedly constitutional and valid on its face, has resulted in or produced, when applied to appellant, any arbitrary, discriminatory, or unconstitutional result.

Appellant strongly relies on the case of *Hans Rees' Sons v. State of North Carolina, ex rel. Maxwell,* 283 U. S. 123, 51 S. Ct. 385, 74 L. Ed. 879, and asserts that such cannot be distinguished from the case at bar and is, therefore, controlling. We think, however, that the cited case is clearly distinguishable.

There the State of North Carolina applied its proportionate property value formula to determine the taxable net income of a manufacturing concern in that state. The taxpayer contended that it was not engaged in a unitary business; that its net income derived from activities in North Carolina was determinable without the necessity of resorting to any proportionate formula; and offered evidence to the effect that the portion of its net income attributable to activities in the State of North Carolina was some seventeen per cent, whereas, the application of the formula allocated to the State of North Carolina from sixty-six per cent to eighty-five per cent of the net income of the taxpayer. We think it sufficient to say that the decision in that case rested upon the taxpayer having sustained the burden of proving, under any view of the evidence there, that the application of the formula produced an arbitrary, discriminatory, unreasonable and unconstitutional result.

A later case than the *Hans Rees case,* involving the same North Carolina apportionment formula, is that of *Maxwell v. Kent Coffey Mfg. Co.,* 204 N. C. 365, 168 S. E. 397; 291 U. S. 642, 54 S. Ct. 437, 78 L. Ed. 1040. There the application of the formula by the State of North Carolina was upheld, and the Supreme Court of North Carolina in its opinion distinguished at length, the case under consideration from the *Hans Rees case.* In affirming, United States Supreme Court said that the case was controlled by the decision in the *Underwood case, supra,* rather than the decision in the *Hans Rees case.*

We conclude that the appellant here has failed to sustain the burden of proving that the application of the mileage

formula to it produced an arbitrary, discriminatory, unreasonable or unconstitutional result.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.